COPPER CANYON LAW
*43 East 1st Ave*
*Mesa, Arizona 85210*
*Office: (480) 833-3838*
*Fax: (480) 833-3838*
*www.coppercanyonlaw.com*
Timothy F. Coons (031208)
Timothy@coppercanyonlaw.com
Spencer M. Coons (032874)
Spencer@coppercanyonlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Sobh, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Phoenix Graphix Inc., an Arizona Corporation; PGI/Phoenix Graphix, Inc. Profit Sharing Plan and Trust, an ERISA covered benefit plan; Brian Kotarski, an individual; Anne Kotarski, an individual, John Doe as the administrator of the PGI Plan<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff, Sam Sobh, alleges as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff was an employee of Phoenix Graphix Inc. ("PGI")

2.  Plaintiff is a beneficiary of a plan covered by the Employee Retirement Income Security Act ("ERISA.") 29 U.S.C. § 1001 *et seq.*

3.  In accordance with the ERISA plan documentation Plaintiff has requested the benefits under the plan and was refused.

4.  Plaintiff has requested the reason for his denial, rights for appeal, and the paperwork required under ERISA, these requests have been denied.

5.      Plaintiff was terminated by PGI.

6.      Plaintiff has requested payment of his final earned wages, including all earned bonuses.

7.      Plaintiff has requested payout of his Paid Time Off.

8.      PGI has refused to payout Plaintiff's final earned wages and Paid Time Off.

## JURISDICTION AND VENUE

9.      The Claims asserted fall under 29 U.S.C. § 1001 *et seq.* and other applicable federal laws.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein and, thus, is subject to personal jurisdiction in this judicial district.

## PARTIES

12.     At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

13.     Defendant Phoenix Graphix, Inc. ("PGI") as a corporation organized under the laws of Arizona, with its principal place of business in Maricopa County.

14.     The Master Plan Document for the PGI Plan is attached hereto as "**Exhibit 1**".

15.     Defendant PGI / Phoenix Graphix, Inc. Profit Sharing Plan ("PGI Plan") is an employee benefit plan covered by ERISA.

16.     It is believed that Brian Kotarski is the plan administrator as represented by Brian to Plaintiff on multiple occasions.

17.     Since making requests for disbursements in compliance with the plan it has become unclear who is administering the plan.

18.     An ERISA plan must be administered by a Plan Administrator.

19.     Whoever the ERISA Plan Administrator is, benefits under the PGI Plan have been improperly denied to Plaintiff by the Plan Administrator.

20.     John Doe, is an unknown individual that is acting as the administrator of the PGI Plan.  Upon information and belief they are a resident of Maricopa County or otherwise are subject to the Personal Jurisdiction of this Court.

21.     John Doe's identity is not certain at this time, upon discovery this Complaint will be amended as required.

### FACTUAL ALLEGATIONS

22.     Plaintiff was employed by PGI for over a decade.

23.     The relationship between Plaintiff and PGI became untenable and Plaintiff and PGI separated employment.

24.     While employed with PGI, Plaintiff became a beneficiary of the PGI Plan.

25.     The PGI Plan is a benefit plan subject to the requirements of ERISA.

26.     Under the PGI Plan a beneficiary may request a distribution of funds for an immediate and heavy financial need for reasons enumerated in the plan. (*See,* Page 27 of Exhibit A).

27.     Plaintiff has requested numerous times while experiencing heavy financial events to receive a distribution under the terms of the plan as enumerated in Section 7.1(A) rule and has been repeatedly denied.

28.     The only reason for denial of the hardship distribution appears to be based on a summary plan document that contains provisions and ambiguous language that is not present in the master plan document.

29.     In case of a conflict between the master plan document and the summary plan description, the master plan governs the plan.

30.     As a result of these wrongful denials during periods of heavy financial need the Plaintiff is suffering Anxiety and Severe Depression.

31.     Defendant has ignored Plaintiff's medical condition and the suffering caused by the wrongful actions.

32.    Defendant's conduct is a breach of the fiduciary duties owed to all participants.

33.    Plaintiff sent multiple clarification requests to the email provided in the Plan but has never received an answer or any of the requested materials in regards of the Plan from the specified address.

34.    Plaintiff requested the corresponding documentation regarding the reason for his denial, procedure for appeal, and supporting paperwork as required under the PGI Plan and as required by ERISA.

35.    Plaintiff has been refused his benefits under the PGI Plan, and he has not been provided with the required documentation regarding his denial and any rights for appeal.

36.    Plaintiff earned commissions, bonus payments, and Paid Time Off prior to his termination that PGI has refused to pay to Plaintiff.

37.    By doing so, PGI has unlawfully retained earned wages due and owing to Plaintiff.

## COUNT ONE

### Improper Denial of Plan Benefit § 502 (a)(1)(B)

38.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.    Plaintiff made a claim for benefits under the PGI Plan.

40.    Plaintiff's claim for benefits have been improperly denied.

41.    Plaintiff has exhausted all administrative remedies under the PGI Plan that have been disclosed or made available to him.

42.    The PGI Plan does not mandate exhaustion of administrative remedies prior to seeking judicial review.

43.    Plaintiff is entitled to the benefits under the PGI Plan.

44.    Plaintiff has been denied the benefits he is entitled to.

45.     As a direct result of Defendant's unlawful acts Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT TWO
### Declaratory Relief § 502 (a)(1)(B)

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     A controversy exists regarding the rights of Plaintiff between Plaintiff, the PGI Plan, and the PGI Plan administrator.

48.     Plaintiff has been unable to obtain benefits as provided under the terms of the plan.

49.     By reason of the foregoing clarification of Plaintiff's rights to future benefits under the terms of the plan is necessary.

50.     Plaintiff is entitled to declaratory relief confirming his rights under the PGI Plan.

## COUNT THREE
### Improperly Retained Wages A.R.S. §23-350 *et seq.*

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Plaintiff was entitled to outstanding bonus payments as wages, prior to his termination.

53.     Plaintiff was entitled to his Paid Time Off being cashed out per company practice.

54.     These payments and funds constitute wages under Arizona Law.

55.     PGI has improperly retained Plaintiff's wages in violation of A.R.S. 23-250 *et seq.*

56.     As a direct result of PGI's acts, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

1    WHEREFORE, Plaintiff respectfully requests that this Court grant the following
2  relief in Plaintiff's favor and against Defendant:

3    A.    For the Court to award all damages in an amount to be determined at
4          trial;
5    B.    For the Court to award incidental, compensatory and consequential damages
6          in an amount to be determined at trial;
7    C.    For the Court to award punitive damages for Defendant's knowing violation
8          of the law in an amount to be determined at trial;
9    D.    For the Court to award prejudgment and post-judgment interest;
10   E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the
11         actions pursuant to any applicable law and all other causes of action set
12         Forth herein; and
13   F.    For such other relief as this Court shall deem just and proper.

14                          **DEMAND FOR JURY TRIAL**

15    Plaintiff hereby requests that upon trial of this action, all issues be submitted to and
16  determined by a jury except those issues expressly reserved by law for determination by
17  the Court.

19    RESPECTFULLY SUBMITTED this 26th day of September, 2019.

20                                    **COPPER CANYON LAW LLC**

21                                    _____
22                                    Spencer M. Coons
                                      43 East 1st Ave
23                                    Mesa, Arizona 85210
                                      *Attorney for Plaintiff*

-6-