**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Sobh,<br><br>            Plaintiff,<br><br>v.<br><br>Phoenix Graphix Incorporated, et al.,<br><br>           Defendants. | No. CV-19-05277-PHX-ROS<br><br>**ORDER** |

The parties have filed a proposed scheduling order in which the parties identify a number of minor disputes. (Doc. 44-1). First, the parties disagree whether the Court should set a deadline for Plaintiff to seek leave to amend his complaint. The Court will set such a deadline. Given the history of the parties' interactions, however, Plaintiff may have difficulty establishing such amendment would be proper. Second, the parties disagree regarding "the scope of discovery" and whether the parties should be limited to two depositions. The parties will be limited to discovery regarding the remaining claims, but the Court will not limit the depositions at this time. If Defendants believe particular depositions are not appropriate, they may initiate the discovery dispute process.

Accordingly,

**IT IS ORDERED** the parties shall comply with the following deadlines.

1. <u>Mandatory Initial Discovery Pilot Project</u>.

This case is subject to the Mandatory Initial Discovery Pilot Project ("MIDP") implemented by General Order 17-08. The parties must comply with the requirements

of the MIDP and need not make the initial disclosures required by Federal Rule of Civil Procedure 26(a). The MIDP responses have been exchanged.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.

The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **March 8, 2021**.

3. <u>Discovery Limitations</u>.

Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>MIDP Responses and Fact Discovery</u>.

The deadline for final supplementation of MIDP responses and the completion of fact discovery, including discovery by subpoena, shall be **July 9, 2021**. To ensure compliance with this deadline, the following rules shall apply:

a. Written Discovery: All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5. <u>Expert Disclosures and Discovery</u>.

a. Plaintiff(s) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **March 22, 2021**.

b. Defendant(s) shall provide full and complete expert disclosures, as

required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **April 21, 2021**.

    c. Rebuttal expert disclosures, if any, shall be made no later than **May 21, 2021**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    d. Expert depositions shall be completed no later than **June 16, 2021**.

    e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the applicable expert disclosure dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.

    f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

    g. Each side shall be limited to one retained or specifically employed expert witness per issue.

6. <u>Discovery Disputes</u>.

The parties shall consult the Court's instructions concerning discovery disputes to ensure full compliance with the Court's discovery dispute procedures, some of which are not included here. Discovery Dispute Instructions are available on the District of Arizona website at www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures for the Hon. Roslyn O. Silver.

7. Dispositive Motions.

a. Dispositive motions shall be filed no later than **August 20, 2021.**

b. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.[1]

c. All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

8. Good Faith Settlement Talks.

All parties and their counsel shall confer and engage in good faith settlement talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

9. The Deadlines Are Real.

The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

10. Briefing Requirements.

---

[1] The parties previously filed motions for summary judgment. Those motions do not count towards this limit.

All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

11. <u>Pretrial Deadlines</u>.

a. A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated Voir Dire Questions to be added to the Court's standard Jury Questionnaire shall be lodged and filed by **October 8, 2021.**

b. If dispositive motions have been filed, the Joint Proposed Pretrial Order, Motions in Limine, and other documents referenced above shall be due either on the above date or 30 days following resolution of the dispositive motions, whichever is later.

c. The content of the Joint Proposed Pretrial Order is that prescribed in the Court's form of Joint Proposed Pretrial Order. [See Court's website: www.azd.uscourts.gov / Judges' Information / Orders, Forms & Procedures]. Responses to Motions in Limine are due 15 days after the Motions are filed, and no replies are permitted unless specifically ordered by the Court.

d. If the case will be tried to the Court, rather than to a jury, in addition to filing a Joint Proposed Pretrial Order, each party shall file Proposed Findings of Fact and Conclusions of Law on the same date the Joint Proposed Pretrial Order is due.

e. The attorneys who will be trying the case for each of the parties shall appear at the Final Pretrial Conference that will be scheduled as promptly as possible after the filing of the Joint Proposed Pretrial Order. The attorneys appearing at the conference shall be prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and fully briefed Motions in Limine. Unless one has already been established, the Court will set a firm trial date at the Pretrial Conference and will sign the Final Pretrial Order with any additional instructions for trial preparation.

f. Any other final pretrial matters required pursuant to FRCP 26(a)(3) are

1 due in accordance with this Order prior to the preparation and filing of the Joint
2 Proposed Pretrial Order.

3 12.   Interim Status Conference.

4 An Interim Rule 16 Status Conference is scheduled for **June 23, 2021** at **2:00 p.m.** Prior to the Interim Conference, counsel are to prepare and file a Joint Status Report by **June 18, 2021**. That Joint Status Report shall indicate whether any party plans on filing a dispositive motion. If a party plans on filing a dispositive motion, the party planning to do so shall include in the Joint Status Report a brief overview of the planned basis for that motion. The party planning to oppose the motion shall include a brief overview of why a dispositive motion would not be successful.

Dated this 14th day of January, 2021.

_____
Honorable Roslyn O. Silver
Senior United States District Judge