**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Sobh,<br><br>            Plaintiff,<br><br>v.<br><br>Phoenix Graphix Incorporated, et al.,<br><br>            Defendants. | No. CV-19-05277-PHX-ROS<br><br>**ORDER** |

In January 2022, the Court ruled in favor of Plaintiff Sam Sobh on one of his claims and awarded him $2,750 against one Defendant. (Doc. 82). The Court rejected Sobh's other claims against all Defendants. (Doc. 82 at 18). Sobh and Defendants then filed competing motions for attorneys' fees and costs. Sobh believes he is entitled to approximately $70,000 in fees and costs while Defendants believe they are entitled to approximately $235,000 in fees and costs. (Doc. 92, 96). Sobh and Defendants may both be eligible for an award of fees but the unique circumstances of this case establish no award of fees is appropriate.

**BACKGROUND**

Sobh was an employee of Defendant Phoenix Graphix Inc. for more than ten years. While in that job, Sobh participated in a Profit Sharing Plan ("Plan"). In 2018, Sobh left his job and began seeking distribution of his Plan benefits in the form of a "hardship withdrawal." Sobh was told he could obtain his Plan benefits through a "cash out distribution" but not a "hardship distribution." For unknown reasons, the distinction

between those two forms mattered enough to Sobh that he filed a lawsuit against Phoenix Graphix and its employees (collectively, "Defendants") hoping to obtain a "hardship distribution." That lawsuit was dismissed because Sobh's complaint had misidentified the relief he was seeking. Instead of amending the complaint in that suit, Sobh filed the present suit, explicitly seeking a "hardship distribution." Before and during Sobh's first lawsuit, as well as during the present lawsuit, Defendants provided Sobh with inaccurate information regarding which version of the Plan governed his request for a distribution. Eventually, Sobh was provided the correct information that established he was not eligible for a "hardship distribution." Despite knowing that information, Sobh continued to pursue this suit.

The present suit involved five claims:

1. Improper denial of plan benefits under ERISA § 502(a)(1)(B);
2. Declaratory Relief;
3. Breach of fiduciary duty under ERISA § 502(a);
4. Violation of ERISA § 502(c) for not providing documents in timely manner; and
5. Improperly retained wages under A.R.S. § 23-350.

(Doc. 40 at 8). Over the course of two Orders, the Court ruled in favor of Sobh on the fourth claim regarding the failure to provide him documents in a timely manner. Sobh had requested a penalty of approximately $250,000 on that claim but the Court concluded an award of only $2,750 was merited. The Court ruled against Sobh on his four other claims. (Doc. 40, 82). Sobh and Defendants then filed motions for attorneys' fees. Defendants also filed a motion seeking an award of costs based on a rejected offer of judgment they sent to Sobh years prior to final judgment.

## ANALYSIS

### A. Attorneys' Fees under ERISA

Sobh and Defendants both claim they are entitled to an award of fees pursuant to ERISA's fee-shifting statute, 29 U.S.C. § 1132(g)(1). That statute allows for a court "in its discretion" to "allow a reasonable attorney's fee and costs of action to either party." 29

U.S.C. § 1132(g)(1). Under this language, a party that achieves "some degree of success on the merits" is eligible for an award of fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). To qualify as achieving "some degree of success on the merits," a party must do more than achieve "trivial success on the merits or a purely procedural victor[y]." *Id.* at 255. But not much more than that is required. "Some degree of success on the merits" merely requires a court be able to "fairly call the outcome of the litigation" favorable to one party "without conducting a lengthy inquir[y] into the question whether [the] success was substantial or occurred on a central issue." *Id.*

In this case, both parties have a plausible argument they achieved "some degree of success on the merits." Sobh established Defendants did not provide copies of ERISA plan documents in a timely manner and, as a result, Sobh was awarded a monetary penalty. That penalty, however, was a small fraction of the amount he requested. As for Defendants, they prevailed on Sobh's other ERISA claims seeking benefits under the plan and for breach of fiduciary duty. Under these circumstances, the simplest path is to assume both parties are statutorily eligible for an award of fees and assess whether either party merits an award of fees under the applicable factors. That was the approach followed by another district court faced with a similar situation of both sides having partially prevailed in an ERISA suit. *See Huizinga v. Genzink Steel Supply & Welding Co.*, 984 F. Supp. 2d 741, 745 (W.D. Mich. 2013) (recognizing both sides had some success on the merits).

Once a party is deemed eligible for an award of fees under 29 U.S.C. § 1132(g)(1), a court "must consider" five factors to determine if an award of fees is appropriate. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980). The Court will assess each factor to determine which side, if either, is entitled to an award of fees.[1]

### 1. Culpability or Bad Faith

The first factor looks to the "culpability or bad faith" of the opposing party. *Hummell*, 634 F.2d at 453. There is no evidence Defendants acted in bad faith. However, as the Court previously noted, Defendants' "behavior was extremely careless" in that they repeatedly provided incorrect information to Sobh regarding the operative version of the Plan. (Doc. 82 at 13). Thus, Defendants have some culpability. At the same time, the Court previously noted Sobh pursued this litigation based in part on "something other than [his] desire to obtain benefits under the pension plan." (Doc. 82 at 2). In particular, this litigation appeared to be "an attempt [by Sobh] to punish his former employer" for allegedly mistreating him. (Doc. 82 at 14). Sobh's decision to pursue this litigation does not qualify as "bad faith." But Sobh's continued pursuit of futile claims unnecessarily complicated matters. On balance, Sobh's behavior was more "culpable" than Defendants and this first factor supports awarding Defendants their fees.

### 2. Ability to Satisfy an Award

The second factor is the "ability of the opposing parties to satisfy an award of fees." *Hummell*, 634 F.2d at 453. Defendants would be able to satisfy an award of fees but Sobh would not. According to Sobh's declaration, he supports three young children, has significant student loan debt, and is unemployed. (Doc. 97-1 at 2). Because Defendants have more ability to satisfy an award of fees than Sobh, this factor supports an award of fees to Sobh.[2]

---

[1] The Ninth Circuit has "[i]n many cases . . . applied a rule that a prevailing ERISA beneficiary should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Herrman v. LifemMap Assurance Co.*, 810 F. App'x 574 (9th Cir. 2020). The reach of this rule is not "entirely clear," but it certainly applies when the "ERISA beneficiary obtains a full recovery of benefits owed or otherwise prevails entirely." *Id.* at 574-75. Here, Sobh did not prevail entirely and, in any event, the "special circumstances" of Sobh pursuing baseless claims takes the present case outside the ordinary rule favoring an award to ERISA beneficiaries.

[2] According to the Ninth Circuit, in "a suit involving an ERISA beneficiary as a plaintiff, a [defendant's] ability to pay should weigh strongly in favor of an award of fees." *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1058 (9th Cir. 2017).

### 3. Would Award Deter Others

The third factor is whether awarding fees would "deter others from acting under similar circumstances." *Hummell*, 634 F.2d at 453. Here, it would be helpful to deter the type of behavior both sides engaged in before and during this litigation. That is, it is appropriate to deter others from bringing doomed claims for benefits, such as the one brought by Sobh. But it is also appropriate to deter plan administrators, such as Defendants, from refusing to produce accurate plan documents in a timely manner. On balance, the need for deterrence does not support either party in a meaningful way.

### 4. Beneficiaries of Sobh's Suit

The next factor is "whether the [party] requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Hummell*, 634 F.2d at 453. In the abstract, both parties can claim this factor favors their position. Sobh can claim he was seeking to ensure plan administrators produce documents in a timely manner while Defendants can claim they were protecting other beneficiaries of the pension plan from baseless litigation aimed at plan assets. In this particular case, however, neither party's actions had any meaningful link to non-parties. The present case was a dispute between Sobh and Defendants with no larger considerations at play. Accordingly, this factor does not support either party.

### 5. Relative Merits of Parties' Positions

The final factor is the "the relative merit of the parties' positions." *Hummell*, 634 F.2d at 453. Here, again, there is a mixed picture. Sobh's position that he did not receive documents in a timely manner had an overwhelmingly strong basis. In fact, Defendants conceded they did not produce the required documents in a timely manner. (Doc. 72 at 9). But the remainder of Sobh's claims were weak, meaning Defendants' arguments against those claims were strong. In general, both parties' positions had some merit but the baselessness of Sobh's claim for benefits means Defendants had the more meritorious position on the central issue in this case. Therefore, this factor provides more support to awarding fees to Defendants than to Sobh.

### 6. Balance of Factors

The factors do not provide a sufficient basis to award fees to either party. Sobh is the more culpable party, but he did prevail on one claim. And that claim involved "extremely careless" behavior by Defendants. In addition, Defendants' ability to satisfy an award should "weigh strongly in favor of an award of fees" to Sobh. *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1058 (9th Cir. 2017). But Sobh was never able to articulate why he was pursuing litigation in an attempt to obtain his Plan benefits when he could have simply filled out the forms and received his funds. In the unique circumstances of this case, and in an exercise of the Court's "broad discretion," both motions for fees under 29 U.S.C. § 1132(g)(1) will be denied.[3] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010).

## B. State-Law Grounds for Fees

In addition to seeking fees under the relevant provision of ERISA, Defendants argue they are entitled to an award of fees based on two state-law grounds. Neither state-law ground is viable.

Defendants first claim Arizona's law regarding an award of fees in contract-based actions should apply. That law allows "the successful party" to receive an award of attorneys' fees "[i]n any contested action arising out of a contract." A.R.S. § 12-341.01(A). There are a number of different tests for determining which party is "the successful party" as required by this statute. *See Berry v. 352 E. Virginia, L.L.C.*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011) (recognizing tests of "net winner," "percentage of success," and "totality of the litigation"). Defendants do not present any argument regarding which test should apply in this case. (Doc. 92 at 5). Rather, Defendants merely argue the present suit qualifies as one arising out of contract.

Without argument from Defendants explaining why they should be deemed the "successful party," and given the entry of a monetary judgment in Sobh's favor, the Court

---

[3] The parties filed a stipulation indicating they agreed the hourly rates charged by their counsel were "reasonable and within the rates commonly charged in the community by attorneys with similar experience." (Doc. 91 at 1). Because no fees will be awarded, this stipulation will be denied as moot.

- 6 -

cannot conclude Defendants are eligible for an award of fees under A.R.S. § 12-341.01(A). *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994) ("The decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it.").

The second state-law ground Defendants attempt to rely on is A.R.S. § 12-349(A). That sanctions statute allows for an award of fees against a party who brings "a claim without substantial justification" or "[u]nreasonably expands or delays the proceeding." *Id.* This statute does not apply to proceedings in federal court. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001). If Defendants believed Sobh or his counsel engaged in sanctionable conduct during this litigation, they were required to invoke "the policies and procedures delineated under federal law," not Arizona law. *Id.* Defendants cannot obtain fees under A.R.S. § 12-349(A).

**C. Award of Costs**

On January 24, 2020, Defendants sent Sobh an offer of judgment pursuant to Federal Rule of Civil Procedure 68. That offer of judgment was for $8,500 but Sobh did not accept the offer. Eventually, judgment was entered in favor of Sobh for $2,750. Defendants then filed a "Motion for Sanctions Under Rule 68(d)," arguing they were entitled to recover the costs "incurred after the Offer of Judgment was made." (Doc. 94 at 2). At the same time they filed that motion, Defendants filed a "Bill of Costs" seeking the $1,217.25 in costs they incurred after the offer of judgment. (Doc. 93). Sobh did not file a separate response to the motion for sanctions. Instead, Sobh addressed the motion for sanctions in his opposition to Defendants' motion for attorneys' fees. (Doc. 97 at 10).

Approximately one month after the Bill of Costs was filed, the Clerk of Court entered a judgment against Sobh in the amount of $1,217.25. (Doc. 101). In doing so, the Clerk stated "[n]o objection was filed to the taxable costs." (Doc. 101). Sobh subsequently filed a motion for reconsideration arguing he made a timely objection to the Bill of Costs by addressing the matter in his opposition to the motion for attorneys' fees. (Doc. 103).

Local Rule 54.1 provides the procedure parties must use when seeking, or objecting to, costs. Pursuant to that rule, once a bill of costs is filed, the opposing party must file objections within fourteen days. L.R. 54.1(b). The rule does not state if objections can be made as part of a separate filing on a different issue, such as what Sobh did here. Sobh's approach likely was incorrect but the Court need not resolve that issue because, even if Sobh's arguments had been considered, the result would have been the same.

In opposing Defendants' motion for sanctions seeking a limited award of costs, Sobh made arguments based on an incorrect understanding of the governing law. Sobh argued an award of costs would be "futile" or "pointless" because he does not have the financial ability to pay them. (Doc. 97 at 10). Sobh also argued the amount requested was "unfair" because Defendants had been allowed to conduct longer depositions than what Sobh had been permitted. All of Sobh's arguments, in effect, were that the Court should consider his circumstances and refuse to award costs. That was not a possibility given the arguments Sobh was making.

"Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer. The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). Sobh's arguments against an award of costs were based on the erroneous assumption that the Court could, in its discretion, conclude an award of costs would be "unfair" such that costs should be denied. The Court had no such power. Because Sobh did not make any arguments that could have prevented the award of costs—such as arguing the offer of judgment was defective in some manner—Sobh's motion for reconsideration will be denied.[4]

Accordingly,

**IT IS ORDERED** the Motions for Attorneys' Fees (Doc. 92, 96) are **DENIED**.

---

[4] The Clerk of Court has already entered judgment in the amount requested by the Motion for Sanctions. Accordingly, that motion will be denied as moot. The current Taxation Judgment (Doc. 101), however, is correct and will remain in place.

- 8 -

**IT IS FURTHER ORDERED** the Motion for Sanctions and Motion for Reconsideration (Doc. 94, 103) are **DENIED**.

**IT IS FURTHER ORDERED** the Stipulation re Attorney Fees (Doc. 91) is **DENIED AS MOOT**.

Dated this 28th day of June, 2022.

                        Honorable Roslyn O. Silver
                        Senior United States District Judge